510

**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Juan ZAMORA–MERAZ, Defendant—
Appellant.**

No. 07–30498.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 16, 2008.*

Filed Oct. 23, 2008.

Marcia Good Hurd, Esq., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Steven C. Babcock, Esq., FDMT–Federal Defenders of Montana, Billings, MT, for Defendant–Appellant.

Before: LEAVY, RYMER, and THOMAS, Circuit Judges.

MEMORANDUM **

Juan Zamora–Meraz appeals from the 46–month sentence imposed following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Zamora–Meraz contends that the district court procedurally erred by failing

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to adequately discuss or analyze factors set forth in 18 U.S.C. § 3553, by placing excessive weight on the Sentencing Guidelines, and by failing to discuss mitigating circumstances. Because Zamora–Meraz did not object on these grounds in district court, plain error review applies. *See United States v. Dallman,* 533 F.3d 755, 761–62 (9th Cir.2008). We conclude that Zamora–Meraz cannot show "a reasonable probability that he would have received a different sentence" absent any procedural error. *See id.* at 762.

■ Zamora–Meraz further contends that his sentence is substantively unreasonable. In light of the totality of the circumstances, including Zamora–Meraz's criminal history, the sentence, at the low-end of the applicable Guidelines range, is reasonable. *See United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008) (en banc).

**AFFIRMED.**